IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47764-5-II |
| Respondent, | |
| v. | |
| FRESNEL FRANCOIS WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Fresnel Francois Williams appeals his conviction for a felony violation of a domestic violence court order, contending that the State committed misconduct in closing argument by arguing a fact not in evidence. Williams also argues that he received ineffective assistance of counsel when defense counsel failed to object to the prosecutor's alleged misconduct. The prosecutor's remark did not constitute prosecutorial misconduct and, as a result, defense counsel's performance was not deficient for failing to object. We affirm the conviction.

FACTS

Bethany Stevens had a no contact order against Williams. On August 29, 2014, Stevens rode the bus from Lakewood to a medical clinic in Tacoma for an appointment. After she arrived at the clinic, Stevens called 911 and reported that Williams was at the clinic in violation of the no contact order. Williams was arrested and charged with one count of violation of a domestic violence court order and one count of felony harassment of Stevens.

At trial, Stevens testified that when she arrived at the clinic, Williams was waiting for her outside. Valerie Goodenough, a receptionist at the medical clinic, also testified. She said that she recognized Stevens as a patient at the clinic, but she did not recognize the man with her, although she stated it looked like they were together. Goodenough described the man as a "[y]oung black male, short hair, not -- little bit slight in physique, I guess, not really big." 1 & 2 Verbatim Report of Proceedings (VRP) at 91.

The prosecutor asked Goodenough if she saw the same man in the courtroom that she had seen that day at the clinic, she said, "I would guess over here," and identified Williams. 1 & 2 VRP at 93. During cross-examination, when Goodenough was asked if she indicated Williams was the same man because he is the only African-American man in the courtroom, she said, "Yes. That's right." 1 & 2 VRP at 94. Goodenough then admitted that she didn't recognize him, but said that he looked "familiar to [her] now." 1 & 2 VRP at 94.

During the State's closing argument, the prosecutor said the following in describing the testimony of Goodenough:

> Valerie Goodenough testified that . . . she saw Ms. Stevens at [the clinic]. She knows Ms. Stevens. She's a patient there. She's seen her before. She knows Ms. Stevens. She doesn't know the person that was with her. She'd never seen him before, but she described the person that she saw, *very striking resemblance to the defendant*. And she saw the two of them were clearly together, that [Stevens] didn't want him there and that he was aggressive. So she saw the contact between the two of them there on that day at [the clinic].

1 & 2 VRP at 110 (emphasis added).

The jury found Williams guilty of a felony violation of a domestic violence court order. The jury could not reach a verdict on the felony harassment charge. Williams was sentenced to a standard range sentence. Williams appeals.

ANALYSIS

I. PROSECUTORIAL MISCONDUCT

Williams argues that the prosecutor's remark during closing argument, that Goodenough's testimony was that the man in question bore a "very striking resemblance" to Williams, constitutes prosecutorial misconduct because the prosecutor argued facts not in evidence, which bolstered the credibility of Stevens's testimony. Williams contends that this remark was not based on a reasonable inference but, instead, amounted to an identification of Williams as the man in the clinic, when Goodenough testified that she could only guess that Williams was the same man. We disagree.

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). We first determine whether the prosecutor's conduct was improper. *Emery*, at 759. If the prosecutor's conduct was improper, then we determine whether the prosecutor's improper conduct resulted in prejudice. *Emery*, at 760. If the defendant did not object at trial, the prosecutor's misconduct must be so flagrant and ill-intentioned that it could not have been cured by an instruction. *Emery*, at 760-61. "In analyzing prejudice, we do not look at the comments in isolation, but in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury." *State v. Warren*, 165 Wn.2d 17, 28, 195 P.3d 940 (2008).

The State has wide latitude to argue inferences from the evidence. *State v. Pierce*, 169 Wn. App. 533, 553, 280 P.3d 1158 (2012). But it is improper to urge the jury to decide a case based on evidence outside the record. *Pierce*, 169 Wn. App. at 553.

Here, the prosecutor's remark was not improper. The prosecutor used Goodenough's description of the man in the clinic to draw a reasonable inference that her description bore a striking resemblance to Williams and to argue that her description corroborated Steven's testimony. The prosecutor did not imply that she was quoting the witness in making the remark that the defendant bore a "very striking resemblance" to Williams, and the prosecutor's remark did not need to be a verbatim account of the witness's testimony. 1 & 2 VRP at 110; *See State v. Hartzell*, 156 Wn. App. 918, 943, 237 P.3d 928 (2010) (prosecutor's comment that a mother would try to help her defendant son by testifying did not imply facts not in evidence because it was not quoting from evidence that was not admitted); *State v. Turner*, 167 Wn. App. 871, 883, 275 P.3d 356 (2012) (prosecutor incorrectly stating that the defendant said, "You want to die, Old Man," was not prejudicial). Because the prosecutor made a reasonable inference from Goodenough's testimony, the prosecutor's remark was not improper.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Williams also argues that, because defense counsel did not object to the prosecutor's remark, he received ineffective assistance of counsel. We disagree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To establish ineffective assistance of counsel, Williams must show both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If Williams fails to establish either prong of the ineffective assistance of counsel test, we need not inquire further. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997).

No. 47764-5-II

Williams's claim of ineffective assistance of counsel is based on his counsel's failure to object to the prosecutor's allegedly improper remark during closing argument. As analyzed above, the prosecutor's remark was not improper. Accordingly, there was no basis for Williams's defense counsel to object during the prosecutor's closing argument and his performance was not deficient. Because Williams fails to demonstrate his counsel's performance was deficient his ineffective assistance of counsel claim fails.

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
WORSWICK, P.J.

_____
LEE, J.

5